UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-01051-FDW-DCK

| | |
|---|---|
| FRANCEDIA EMISE MCMANUS,<br><br>Plaintiff,<br><br>v.<br><br>GARY L. MCFADDEN, JOHN DOE, RYAN BOYCE, BRAD FOWLER, ELISHA CHINN,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants Ryan Boyce, Brad Fowler, and Elisha Chinn Gary's (collectively "**Moving Defendants**") Motion to Dismiss, (Doc. No. 7), Plaintiff Francedia Emise McManus's ("**Plaintiff**") Motion for Default Judgment, (Doc. No. 9), Plaintiff's Motion to Amend Default, (Doc. No. 12), Plaintiff's Amended Motion to Amend Default, (Doc. No. 13), Plaintiff's Amended Motion of Default on Defendant, (Doc. No. 14), and Plaintiff's Motion for Entry of Default, (Doc. No. 16). For the reasons set forth below, the motions are denied.

## I. BACKGROUND

On December 12, 2023, Plaintiff appeared in the Mecklenburg County courthouse ("**the courthouse**") for a civil case. (Doc. No. 1, p. 12.) While in the courthouse, Plaintiff "was approached by deputies representing the Sheriff of Mecklenburg County . . . .") (Id.) The North Carolina eCourts system showed an outstanding warrant for Plaintiff's arrest, although this warrant was based on a charge that was dismissed and expunged months earlier. (Id. at 16, 18.) Plaintiff was arrested in the courthouse and was detained for over twelve hours before eventually being released. (Id.) Plaintiff alleges because of the issues and "technological defects" with eCourts, "approximately 66 people were detained" in the first few days of the launch of the online system.

1

(Id. at 18.) Plaintiff claims the issues with the eCourts system were well-known and disregarded. (Id. at 2, 5–11.)

On December 5, 2024, Plaintiff filed her *pro se* Complaint. (Doc. No. 1.) While the Court finds Plaintiff's Complaint somewhat difficult to parse out and interpret, Plaintiff seems to allege claims of negligence and unlawful arrest, in violation of 42 U.S.C. § 1983, and seek injunctive relief, against all or some of Defendants. (Id. 15–22, 24–25.) Plaintiff seeks monetary damages and an injunction "to order defendants to make changes in this inhumane system, [which] is illegal [and] to correct an inhumane jail system[.]" (Id. at 26.) Plaintiff also requests "[t]he grant of any reasonable request to amend Plaintiff's Complaint . . . ." (Id. at 25.)

On December 6, 2024, the Clerk of Court issued summonses as to Moving Defendants and Defendant McFadden and Defendant John Doe. (Doc. Nos. 2–3.) On January 15, 2025, Moving Defendants' counsel filed a notice of appearance. (Doc. No. 4.) To date, Defendant McFadden and Defendant John Doe have not appeared and no counsel has appeared on their behalf. On February 3, 2025, Moving Defendants filed their Motion to Dismiss. (Doc. No. 7.) On February 5, 2025, this Court entered a Roseboro Notice, notifying Plaintiff of her right to respond to Moving Defendants' Motion. (Doc. No. 8.) On March 5, 2025, Plaintiff filed her response. (Doc. No. 10.) On March 6, 2025, Moving Defendants filed their Notice of Intent not to file a Reply. (Doc. No. 11.)

On February 12, 2025, Plaintiff filed a Motion for Default Judgment. (Doc. No. 9.) On March 10, 2025, Plaintiff filed a Motion to Amend Default. (Doc. No. 12.) On March 31, 2025, Plaintiff filed an Amended Motion to Amend Default. (Doc. No. 13.) Also on March 31, 2025, Plaintiff filed her Amended Motion of Default on Defendant. (Doc. No. 14.) Finally, on September 2, 2025, Plaintiff filed a Motion for Entry of Default. (Doc. No. 16.)

## II. DISCUSSION

### A. Motion to Dismiss

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. Jul. 28, 2015). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys and courts should allow the development of a potentially meritorious case. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Even when a *pro se* complaint "is not entirely clear, due to [her] pro se status, it must be read generously." Keene v. Thompson, 232 F. Supp. 2d 574, 578 (M.D.N.C. 2002). At the same time, though, courts should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotations omitted).

"Although district courts have a duty to construe *pro se* pleadings liberally, a court is not obliged to ferret through a complaint, searching for viable claims." Jackson v. Michalski, No. 3:10-cv-00052, 2011 WL 3679143, at *5 (W.D. Va. Aug. 22, 2011). A voluminous, repetitive, and conclusory complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors[.]" Holsey v. Collins, 90 F.R.D. 122, 123–24 (D. Md. 1981). Courts are not required "to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Courts should freely give leave to amend a complaint, particularly in cases with a *pro se* plaintiff. Smith v. Virginia, No. 3:08-cv-800, 2009 WL 2175759, at *9 (E.D. Va. July 16, 2009) ("[T]he Fourth Circuit has stated that a court should consider granting plaintiffs, particularly *pro*

3

*se* plaintiffs, leave to amend" a deficient complaint). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, . . . claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

Upon review of Plaintiff's Complaint, it is unclear to the Court what claims she brings, and specifically which claims she brings against each Defendant. (Doc. No. 1.) The Court will not speculate as to Plaintiff's arguments. In her Complaint, Plaintiff also conclusory requests "[t]he grant of any reasonable request to amend Plaintiff's Complaint . . . ." (Id. at 25.) Given Plaintiff's *pro se* status, Plaintiff's seeming request for leave to amend, and case law, the Court will allow Plaintiff leave to amend her Complaint and deny Moving Defendants' Motion to Dismiss without prejudice. Plaintiff may file an Amended Complaint by **November 7, 2025**. If Plaintiff retains an attorney, the attorney must file a notice of appearance and the Amended Complaint by that date. Since the Court is allowing Plaintiff to amend her Complaint, the Court will quash any prior service and order Plaintiff to serve all Defendants in compliance with the Federal Rules of Civil Procedure. Accordingly, Plaintiff must also perfect service on each Defendant and file proof of service by **November 14, 2025**.

### B. Motions for Entry of Default and Default Judgment

Plaintiff filed several Motions for Default Judgment and Entry of Default. (Doc. Nos. 9, 12–14, 16.) First, Plaintiff claims "there has been no response from [Moving Defendants] . . . ." (Doc. No. 9, p. 1.) However, on February 3, 2025, Moving Defendants filed their Motion to Dismiss. (Doc. No. 7.) Second, Plaintiff claims Defendant McFadden alleges he did not receive her summons and Plaintiff asks the Court to "amend Petitioner's Complaint and add these two documents that solidifies Petitioner's motion to amend and default to Sheriff Gary L. McFadden

not true statement." (Doc. No. 12, pp. 1–2.) Third, Plaintiff appears to have filed the same motion, her Motion to Amend Motion of Default, with extra attachments. (Doc. No. 13.) Fourth, Plaintiff appears to again seek entry of default against Defendant McFadden. (Doc. No. 14.) Finally, Plaintiff filed a Motion for Entry of Default. (Doc. No. 16.)

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "[A]n entry of default is appropriate only where a defendant has failed to plead or otherwise defend an action." Bryson v. Ocwen Fed. Bank FSB, No. 1:09cv294, 2010 WL 2294326, at *3 (W.D.N.C. June 4, 2010). "'To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a).'" Oppenheimer v. Griffin, No. 1:18-cv-00272-MR-WCM, 2019 WL 7373784, at *1 (W.D.N.C. Dec. 31, 2019) (citation omitted).

In this case, Moving Defendants filed their Motion to Dismiss. (Doc. No. 7.) Also, Plaintiff is allowed time to file an Amended Complaint and perfect service on all Defendants. Therefore Plaintiff's Motion for Default Judgment, (Doc. No. 9), Motion to Amend Default, (Doc. No. 12), Amended Motion to Amend Default, (Doc. No. 13), Amended Motion of Default on Defendant, (Doc. No. 14), and Motion for Entry of Default, (Doc. No. 16), are all denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Defendants Ryan Boyce, Brad Fowler, and Elisha Chinn Gary's Motion to Dismiss, (Doc. No. 7), is **DENIED without prejudice**.

2. Plaintiff's Motion for Default Judgment, (Doc. No. 9), is **DENIED**.

3. Plaintiff's Motion to Amend Default, (Doc. No. 12), is **DENIED**.

4. Plaintiff's Amended Motion to Amend Default, (Doc. No. 13), is **DENIED**.

5. Plaintiff's Amended Motion of Default on Defendant, (Doc. No. 14), is **DENIED**.

6. Plaintiff's Motion for Entry of Default, (Doc. No. 16), is **DENIED**.

7. Plaintiff may file an Amended Complaint by **November 7, 2025**. Plaintiff must perfect service on all Defendants and file proof of service for all Defendants by **November 14, 2025**.

**IT IS SO ORDERED.**

Signed: September 29, 2025

Frank D. Whitney
Senior United States District Judge