# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:24-CV-1051-MEO-WCM

FRANCEDIA EMISE MCMANUS, )
                               )
          Plaintiff,       )
                               )        **MEMORANDUM AND**
v.                              )        **RECOMMENDATION**
                               )
**GARRY MCFADDEN,** *in his* )
*official capacity as Sheriff of* )
*Mecklenburg County*; )
**JOHN DOE,** *in his official capacity* )
*as Security for Sheriff of* )
*Mecklenburg County*; )
**RYAN BOYCE,** *in his official* )
*Capacity as the Executive Director* )
*of the North Carolina* )
*Administrative Office of the Courts*;)
**BRAD FOWLER,** *in his official* )
*Capacity as the eCourts Executive* )
*Sponsor and Chief Business Officer* )
*of the North Carolina* )
*Administrative Office of the Courts*;)
**ELISHA CHINN,** *individually and* )
*in her official capacity as* )
*Mecklenburg County Clerk of* )
*Superior Court*; AND )
**TYLER TECHNOLOGIES,** )
                               )
          Defendants.      )
_____ )

      This matter is before the Court on a Motion to Dismiss the Amended

Complaint (the "Second Motion to Dismiss," Doc. 20) which has been referred

1

to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

## I.     Relevant Procedural Background

On December 5, 2024, Francedia Emise McManus ("Plaintiff"), proceeding *pro se*, filed her original Complaint in this Court against Gary L. McFadden, in his official capacity as the Sheriff of Mecklenburg County; "John Doe Security;" Ryan Boyce, in his official capacity as the Executive Director of the North Carolina Administrative Office of the Courts; Brad Fowler, in his official capacity as "the eCourts Executive Sponsor and Chief Business Officer of the North Carolina Administrative Office of the Courts;" Elisha Chinn, in her individual capacity and official capacity as Mecklenburg County Clerk of Superior Court; and Tyler Technologies. Doc. 1.

Plaintiff alleged that she was unlawfully detained as the result of the faulty implementation of the North Carolina "eCourts" system in Mecklenburg County. Specifically, Plaintiff alleged that on December 12, 2023, she appeared at the Mecklenburg County courthouse and "was approached by deputies representing the Sheriff of Mecklenburg County…," arrested, and detained for over 12 hours because the eCourts system showed an outstanding warrant for Plaintiff's arrest, even though the warrant was based on a charge that had been dismissed. Doc. 1 at 12, 16, 18. Plaintiff further alleged that due to "technological defects" with eCourts, multiple people were detained in the first

2

few days of the launch of the eCourts system and that issues with the system were well-known and disregarded. Id. at 18, 10-11.

Plaintiff's Complaint also included a request that "[s]hould any defendants move to dismiss this pro-se complaint, and should the court grant any such motion, Plaintiff requests such dismissal be without prejudice and [she] be granted an opportunity to amend to address the deficiencies identified in the courts' rulings." Doc. 1 at 26.

On February 3, 2025, Ryan Boyce, Brad Fowler, and "Elisha Chinn Gary" ("Movants") filed a Motion to Dismiss in lieu of an Answer (the "First Motion to Dismiss," Doc. 7).

On September 29, 2025, the Court denied the First Motion to Dismiss without prejudice and allowed Plaintiff an opportunity to amend her Complaint on or before November 7, 2025. Doc. 17. The Court explained that it was "unclear to the Court what claims [Plaintiff] brings, and specifically which claims she brings against each Defendant" and that the Court would "not speculate as to Plaintiff's arguments." Doc. 17 at 4. The Court further stated that any prior service upon Defendants would be quashed and instructed Plaintiff that her deadline to perfect service on all Defendants was November 14, 2025. Id.

On October 28, 2025, Plaintiff filed a document entitled "Respond to Order." Doc. 18.

On October 29, 2025, the Court construed Plaintiff's October 25, 2025 filing as Plaintiff's Amended Complaint. Doc. 19. The Court also reminded Plaintiff of her November 14, 2025 deadline to perfect service on all Defendants and to file proof of service and advised Plaintiff that "[f]ailure to do so may result in the dismissal of her case." Id.

On December 15, 2025, Movants filed the Second Motion to Dismiss along with a supporting memorandum. Docs. 20, 20-1. Plaintiff responded. Doc. 22; see also Doc. 23. Movants have not replied and the time to do so has passed.[1]

## II.  The Amended Complaint[2]

Plaintiff's Amended Complaint indicates that Plaintiff appeared at the Mecklenburg County Courthouse on December 21, 2023, at which time she was arrested and incarcerated for two days. Doc. 18 at 2; 10. The charge for which Plaintiff was arrested had been previously dismissed pursuant to a court order signed on April 19, 2023. Id. Plaintiff fears that she may be arrested again because the April 2023 order was insufficient to prevent her arrest in December 2023. Id. at 10.

---

[1] Plaintiff has since filed a document entitled "Judicial Notice Federal Rule 201 Motion for Default Rule 55" (Doc. 24) and a document entitled "Judicial Notice Federal Rule 201 Motion for Default Rule 55 Amended Complaint Rule 15" (Doc. 26).

[2] Plaintiff has attached several documents to her Amended Complaint. Some of these materials may be integral to her allegations. See Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006). However, it is not necessary to consider these materials for purposes of this Memorandum and Recommendation in light of the conclusions discussed below.

4

Generally, Plaintiff appears to allege that Tyler Technologies created and serviced the North Carolina eCourts case management system, that Ryan Boyce mismanaged the North Carolina Administrative Office of the Courts, that Brad Fowler played some role in advocating for the adoption of the eCourts system, that Elisha Chinn[3] was required to maintain court records in legal cases, and that Sheriff Gary McFadden was part of a conspiracy related to the eCourts system. Doc. 18.

Plaintiff generally alleges that she was illegally arrested on December 12, 2023, that the eCourts system "is flawed to constitutional violations," and that she has experienced "pain and suffering." Id. at 10.

## III.   Legal Standards

### A. Rule 12(b)(1)

A motion to dismiss made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses whether the court has subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is a threshold question that relates to the power of the court to hear a case and must be resolved before a court addresses the merits of a case." Cap. Associated Indus., Inc. v. Cooper, 129 F. Supp.3d 281, 299 (M.D.N.C. 2015) (citing Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479-80 (4th Cir. 2005)).

---

[3] The caption of the Amended Complaint continues to reference "Elisha Chinn," but the body of the Amended Complaint refers to "Elisha Chin-Gary." Doc. 18 at 7.

An assertion of Eleventh Amendment or sovereign immunity may be considered in the context of a motion made pursuant to Rule 12(b)(1). See e.g., McILwain v. Hensley, No. 1:23-CV-295-MOC, 2024 WL 3708871, at *1 (W.D.N.C. Aug. 7, 2024) (collecting cases) ("Where a defendant raises either Eleventh Amendment or sovereign immunity in seeking dismissal of a claim, that motion is properly considered pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as the defendant is contending that the court lacks subject matter jurisdiction over the plaintiff's claim.").

B. Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff, determines "whether the complaint on its face states plausible claims upon which relief can be granted." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009); accord Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord

6

Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## IV.    Discussion

Movants argue that Plaintiff's official capacity claims against them are barred by Eleventh Amendment immunity and that, even if Plaintiff's official capacity claims are not barred, Plaintiff has failed to state a claim against them under Section 1983.

Additionally, Movants assert that Plaintiff has failed to serve them with process and, therefore, the Court cannot exercise personal jurisdiction over them.

### A. Interpretation of Plaintiffs' Amended Complaint

In the order allowing Plaintiff to amend her Complaint, the Court noted that Plaintiff's original Complaint failed to specify the claims Plaintiff intended to bring or the Defendant(s) against whom such claims were intended to be asserted. The Amended Complaint does not provide further clarity in that

regard, and the undersigned has closely considered recommending dismissal of Plaintiff's Amended Complaint on this basis alone.

However, keeping in mind Plaintiff's *pro se* status and construing Plaintiff's Amended Complaint liberally, the undersigned interprets the Amended Complaint as attempting to assert a claim pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's constitutional rights (though it is not clear which one(s)). See McCluney v. State Employees' Credit Union, No. 3:25-CV-00725-KDB-DCK, 2026 WL 1998503, at *2 (W.D.N.C. July 10, 2026) ("this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys.") (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016)).

### B. Official Capacity Claims

Plaintiff appears to name Movants in their official capacities.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. The Supreme Court "has drawn on principles of sovereign immunity to construe the Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own

8

citizens as well as by citizens of another State." <u>Port Auth. Trans–Hudson Corp. v. Feeney</u>, 495 U.S. 299, 304 (1990) (internal quotation marks omitted).

A State's immunity extends to "state agents and state instrumentalities." <u>Regents of the Univ. of Cal. v. Doe</u>, 519 U.S. 425, 429 (1997). The North Carolina Administrative Office of the Courts is an agency of the State of North Carolina. <u>See</u> N.C. Gen. Stat. § 7A-340 ("There is hereby established a State office to be known as the Administrative Office of the Courts."). Similarly, courts have extended Eleventh Amendment immunity to North Carolina clerks of court. <u>See</u> <u>Macedon, Tr. United States v. North Carolina</u>, No. 4:24-CV-66-BO-BM, 2025 WL 745862, at *3 (E.D.N.C. Mar. 9, 2025), aff'd sub nom. <u>Macedon v. Castle</u>, No. 25-1382, 2025 WL 2438176 (4th Cir. Aug. 25, 2025) ("Where a clerk of superior court or her assistant is acting pursuant to her judicial powers provided by statute, she is a state judicial officer and any suit against her is a suit against the state, which is barred by the Eleventh Amendment absent waiver or abrogation by Congress."); <u>Hinton v. Whittenton</u>, No. 5:23-CV-98-BO-BM, 2024 WL 1234948, at *3 (E.D.N.C. Mar. 20, 2024) ("Thus, where a clerk of superior court or her assistant is acting pursuant to her judicial powers provided by statute, she is a state judicial officer.").

While a State "remains free to waive its Eleventh Amendment immunity from suit in a federal court," <u>Lapides v. Bd. of Regents of Univ. Sys. of Ga.</u>, 535

U.S. 613, 618 (2002), Plaintiff's Amended Complaint does not contain any allegations or facts suggesting that North Carolina has waived its Eleventh Amendment immunity with respect to claims against the Administrative Office of the Courts or the Mecklenburg County Clerk of Court. See also Alford v. Mecklenburg Cnty. Clerk of Sup. Ct., No. 3:19-cv-156-MOC-DSC, 2019 WL 2881556, at *4 (W.D.N.C. July 2, 2019) ("North Carolina has not waived its sovereign immunity by consenting to be sued in federal court for claims brought under 42 U.S.C. § 1983.").

Further, although Congress may abrogate the States' Eleventh Amendment immunity, it has not chosen to do so for claims for damages arising under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 76 (1989) (citing Quern v. Jordan, 440 U.S. 332 (1979)); see also Taylor v. Town of Spencer, No. 1:25CV581, 2025 WL 2896780, at *6 (M.D.N.C. Oct. 10, 2025) ("Under the Eleventh Amendment, therefore, the Court has no jurisdiction to entertain Plaintiff's Section 1983 and 1985 claims against the State of North Carolina or any of its agencies.") (cleaned up) (quoting D'Alessandro v. North Carolina, No. 5:14CV16, 2014 WL 2535222, at *2 (E.D.N.C. Mar. 27, 2014), recommendation adopted, 2014 WL 2547696 (E.D.N.C. June 5, 2014)); Hinton, 2024 WL 1234948, at *3 ("Whittenton and Paye have been named in their official capacities as clerk and assistant clerk of superior court, and thus any suit against them is a suit against the state and is barred by the Eleventh

Amendment absent waiver."); <u>Alford</u>, 2019 WL 2881556, at \*4 ("Thus, to the extent that Plaintiff brings her 42 U.S.C. §§ 1983 and 1985 claims against the State Judicial Defendants in their official capacities, Defendants are not subject to suit under either of these statutes.").

### C. Individual Capacity Claims

Plaintiff also appears to assert a claim against Elisha Chinn in her individual capacity.

Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution and laws of the United States was violated, and (2) that the violation was committed by a person acting under color of state law. <u>Loftus v. Bobzien</u>, 848 F.3d 278, 284-85 (4th Cir. 2017) (internal quotation marks omitted).

"[S]tate officials, sued in their individual capacities, are 'persons' within the meaning of § 1983." <u>Hafer v. Melo</u>, 502 U.S. 21, 31 (1991); <u>see also</u> <u>Rozzelle v. Univ. of N. Carolina at Charlotte</u>, No. 3:15-CV-00050-MOC, 2015 WL 2449515, at \*2 (W.D.N.C. May 21, 2015) ("As applicable to Plaintiff's claims of constitutional violations made by state officials acting under the color of state law, Eleventh Amendment immunity does not preclude Plaintiff from bringing

a § 1983 action against a state officer so long as the claim alleged is made against the state official acting in his or her individual , as opposed to official, capacity.").

However, "[s]ection 1983 liability is 'personal, based upon each defendant's own constitutional violations.'" Thomas v. McFadden, 810 F. Supp. 3d 732, 742 (W.D.N.C. 2025) (quoting Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001)); see also Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that Section 1983 liability may arise "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).

Here, although the Amended Complaint contains allegations related to the duties and responsibilities of a clerk of superior court, Plaintiff does not allege any actions undertaken by Chinn specifically.[4]

### D. Service on Remaining Defendants

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

---

[4] In light of the undersigned's conclusion regarding the viability of Plaintiff's Section 1983 claim, it is not necessary to reach Movants' arguments for dismissal on the basis of failed service.

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, Plaintiff's deadline to perfect service upon all Defendants, and to file proof of that service, was November 14, 2025. See Docs. 17, 19.

It does not appear, though, that summonses were issued following the filing of the Amended Complaint. Further, Plaintiff has not filed proof of service as to any Defendant or sought an extension of the (now expired) November 14, 2025 deadline.

## V. Recommendation

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Motion to Dismiss (Doc. 20) be **GRANTED** and

   a. Plaintiff's claims against Ryan Boyce, Brad Fowler, and Elisha Chinn in their official capacities be **DISMISSED WITHOUT PREJUDICE.**

   b. Plaintiff's claim against Elisa Chinn in her individual capacity be **DISMISSED**.

13

2. In light of Plaintiff's failure to effect service on McFadden, Tyler Technologies, and "John Doe Security," Plaintiff's claims against those Defendants be **DISMISSED WITHOUT PREJUDICE**.

Signed: July 22, 2026

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within fourteen (14) days of service of same. Responses to the objections must be filed within fourteen (14) days of service of the objections. Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).